NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0316n.06

No. 20-5513

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| INGRAM BARGE COMPANY, LLC, | ) | **FILED**<br>Jul 06, 2021<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellant, | ) | |
| v. | ) | ON APPEAL FROM THE<br>UNITED STATES DISTRICT<br>COURT FOR THE MIDDLE<br>DISTRICT OF TENNESSEE |
| LOUIS DREYFUS COMPANY, LLC, | ) | |
| Defendant-Appellee. | ) | |

Before: GUY, LARSEN, and MURPHY, Circuit Judges.

LARSEN, Circuit Judge. Ingram Barge Company agreed to ship grains to Louis Dreyfus Company (LDC). Seeking to recover charges related to the delivery of the grains, Ingram Barge sued LDC in the United States District Court for the Middle District of Tennessee. The district court dismissed for lack of personal jurisdiction, and we AFFIRM.

I.

LDC, a Connecticut-based company incorporated in Delaware, purchased grains from two sellers. Pursuant to purchase contracts, the sellers had to arrange and pay for transporting the grains to LDC's desired destination—Louisiana. The sellers contracted with Ingram Barge, a Tennessee-based company, to deliver the grains. Ingram Barge issued bills of lading for the transactions. The bills incorporated Ingram Barge's Grain Transportation Terms (the Terms), which were posted on Ingram Barge's webpage and included a forum-selection clause, selecting the United States District Court for the Middle District of Tennessee as the forum for any dispute

arising from the bills. Ingram Barge delivered the grains to LDC in Louisiana. Ingram Barge alleged that it incurred additional shifting, fleeting, and wharfage charges after the grains were delivered and accordingly sought to collect from LDC, who failed to pay.

Ingram Barge sued LDC in federal court in the Middle District of Tennessee, invoking the Terms' forum-selection clause. LDC moved to dismiss for lack of personal jurisdiction, arguing that it had never agreed to the Terms and therefore was not bound by the forum-selection clause. Ingram Barge countered that, either as the ultimate consignee of the bills of lading or through its course of conduct, LDC was bound by the clause. The district court agreed with LDC and dismissed for lack of personal jurisdiction. Ingram Barge now appeals.

Around the same time as this lawsuit, Ingram Barge sued another grain purchaser, Zen-Noh Grain Corporation, for similar charges in federal court in the Middle District of Tennessee. *See Ingram Barge Co. v. Zen-Noh Grain Corp.*, ___ F.4th ___, 2021 WL 2640557, at *1 (6th Cir. June 28, 2021). Bills of lading nearly identical to the ones at issue in this case governed the parties' relationship in *Zen-Noh*, and Ingram Barge sought to enforce the forum-selection clause incorporated into the bills. *Id.* at *1–2. The same district judge dismissed for lack of personal jurisdiction, for substantially the same reasons as in this case. *See id.* at *2.

Ingram Barge's appeal in *Zen-Noh* was considered by a different panel of this court before its appeal in the present case. That panel recently issued a divided published opinion affirming the district court. *Id.* at *3. The panel determined that Zen-Noh did not consent to the Terms contained in the bills of lading or acquiesce to the Terms through its course of conduct. *Id.* at *2–3. Accordingly, the court held, Zen-Noh was not bound by the forum-selection clause, and the district court appropriately dismissed for lack of personal jurisdiction. *Id.* at *3.

The facts and arguments in *Zen-Noh* mirror the facts and arguments in this case. And as a published opinion, *Zen-Noh* binds us. *See Wright v. Spaulding*, 939 F.3d 695, 700 (6th Cir. 2019). Seeing no way to materially distinguish *Zen-Noh* from this case, *Zen-Noh* controls the outcome here. The district court therefore did not err by dismissing for lack of personal jurisdiction over LDC on the ground that Ingram Barge had failed to show that LDC was bound by the forum-selection clause.

* * *

We AFFIRM.